WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sammy L. Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV 06-2340 PHX VAM |
| | ) | |
| U.S. Department of Homeland | ) | O R D E R |
| Security, Director, Claims | ) | |
| Management Office, | ) | |
| Transportation Security Admin., | ) | |
| | ) | |
| Defendant. | ) | |

On October 2, 2006, plaintiff filed a Complaint against "U.S. Department of Homeland Security, Director, Claims Management Office, Transportation Security Administration." (Doc. 1). The Complaint alleges no basis for jurisdiction other than "omission by a U.S. Government employee and deprivation of property. . ." (Id.). The Complaint indicates that an employee of the U.S. Government, Mr. Bill Jimro, Finance Manager of the TSA, damaged plaintiff. Plaintiff indicates the damage was in the amount of Five Billion Dollars. (Id.). Plaintiff consented to proceed before the Magistrate Judge. (Doc. 3). A Summons and Complaint were served by the plaintiff on defendant "U.S. Department of Homeland Security, Transportation Security Administration, Director, Claims Management" on October 4, 2006 according to the affidavit of plaintiff. (Doc. 6 at attachment). Other documents

filed by plaintiff indicate that he used certified mail to serve

"the U.S. Attorney's Office," "Director Claims Management Office,

TSA" and "Alberto R. Gonzales, Attorney General, U.S. Department

of Justice."  (Doc. 7).  The stamps on the certified mail receipts

indicate the items were mailed on October 5 to Alberto R.

Gonzales, Attorney General, U.S. Department of Justice and

October 10 to U.S. Attorney's Office, Phoenix but the certified

receipt does not indicate a mailing date for the service on

Director, Claims Management Office, TSA.  (Id.).  Another

attachment to Document 7 seems to indicate that the Director,

Claims Management Office, Transportation Security Administration,

received the mailing on October 4, 2006.

Now pending before the Court are plaintiff's Requests for

Entry of Default Judgment (Docs. 7 and 8) and plaintiff's

Application for Entry of Default Judgment (Doc. 6).  Obtaining a

default judgment is a two-step process.  First, the party must

request entry of default and then, if default is entered by the

Clerk or a Judge, plaintiff may proceed to the second stage which

is obtaining the judgment.  In the case of the United States of

America, its agencies and employees, the entry of default does not

allow for automatic entry of default judgment.  Rule 55(e),

Federal Rules of Civil Procedure, states:

> No judgment by default shall be entered against the
> United States or an officer or agency thereof unless the
> claimant establishes a claim or right to relief by
> evidence satisfactory to the court.

This provision protects the United States, its agencies and

employees from entry of a default judgment in an amount specific

2

1  unless plaintiff proves that amount of damages.

2      In addition, service on the United States, its agencies and

3  employees is governed by Rule 4(i), Federal Rules of Civil

4  Procedure.  Plaintiff opted to serve by certified mail.  This

5  process is allowed.  A return receipt is not required and the

6  waiver of service procedure adopted in subdivision (d) is not

7  applicable to the United States.  Rule 4, Federal Rules of Civil

8  Procedure, at note c4-27.  Review of plaintiff's service

9  affidavits and attachments indicates that plaintiff did not effect

10 service on the U.S. Attorney's Office in the proper manner.  The

11 Rule very specifically requires delivery of a copy of the Summons

12 and Complaint to the U.S. Attorney for the district in which the

13 action is brought, to an Assistant U.S. Attorney or a clerical

14 employee designated by the U.S. Attorney in writing filed with the

15 Clerk of the Court.  This is for in person service.  If a

16 plaintiff is serving by mail, the Rule specifically states:

17 ". . .by sending a copy of the summons and of the complaint by

18 registered or certified mail addressed to the civil process clerk

19 at the Office of the United States Attorney."  Rule 4(i)(1)(A),

20 F.R.Civ.P.  Plaintiff did not do this.  Plaintiff addressed his

21 certified mail to the U.S. Attorney's Office without designating

22 the civil process clerk as the correct recipient.  (Doc. 7 at

23 attachment).

24     Beyond these initial problems, review of the Complaint

25 indicates that it is unclear who the defendant is in this action.

26 Plaintiff's caption could be read that the defendant is the

27 Director of the U.S. Department of Homeland Security or the

28                                    3

1    Director of the Claims Management Office, Transportation Security

2    Administration or both.  In addition, plaintiff has not properly

3    alleged subject matter jurisdiction and, therefore, it is unclear

4    whether this Court has jurisdiction over this cause of action.

5    Plaintiff appears to allege a negligent act by a Government

6    employee.  Therefore, the Federal Tort Claims Act may be the basis

7    for jurisdiction but this is not cited by plaintiff and there is

8    no indication that plaintiff has properly exhausted his

9    administrative claims remedy before bringing the complaint in

10    federal court.  Because of all of these defects, the applications

11    for entry of default judgment will be denied.

12        **IT IS THEREFORE ORDERED** denying plaintiff's Application for

13    Entry of Default Judgment.  (Doc. 6).

14        **IT IS FURTHER ORDERED** denying plaintiff's Requests for Entry

15    of Default Judgment.  (Docs. 7 and 8).

16        DATED this 11th day of December, 2006.

17

18    _____

19              Virginia A. Mathis
              United States Magistrate Judge

20

21

22

23

24

25

26

27

28                              4